IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADERS DISTRICT COUNCIL 711 HEALTH & WELFARE and VACATION FUNDS, and FINISHING TRADES INSTITUTE and VINCENT M. LANE, as Trustee and Fiduciary for DISTRICT COUNCIL 711 HEALTH & WELFARE and VACATION FUNDS and FINISHING TRADES INSTITUTE<br><br>    Plaintiffs,<br><br>    v.<br><br>ANDREWS WINDOW SERVICES LLC,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-3583 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

     This matter comes before the Court on a motion for default judgment by Plaintiffs, International Union of Painters and Allied Traders District Council 711 Health & Welfare and Vacation Funds, and Finishing Trades Institute Funds ("the Funds"), and Vincent M. Lane, as Trustee and Fiduciary for the Funds. Plaintiffs brought this suit against Defendant Andrews Window Services LLC for failure to remit contributions to certain employee benefit plans falling within the ambit of the Employee Retirement Income Security Act of 1974 ("ERISA").

Defendant has not answered Plaintiff's Complaint, nor has it filed any opposition to Plaintiff's motion.

For the reasons that follow, Plaintiff's unopposed motion for default judgment will be granted, and the Court will enter a Default Judgment in favor of Plaintiff and against Defendant in the amount of $10,724.44, together with interest as provided by law. The Court finds as follows:

1. **Factual and Procedural Background**. Plaintiffs filed a Complaint [Docket Item 1] on May 27, 2015, alleging that from at least January 1, 2013 to November 30, 2013, Defendant employer Andrews Window Services LLC neglected to make contributions to employee benefit plans (the Plaintiff Funds) as required under the terms of a Collective Bargaining Agreement ("CBA"), in violation of Section 515 of ERISA, 29 U.S.C. § 1145. (Compl. ¶¶ 13-15.) As a result of these allegations, Plaintiffs seek to recover, as permitted by 29 U.S.C. § 1132(g) and specified in the CBA, the unpaid contributions plus interest on those contributions, liquidated damages in the amount of 20 percent, and reasonable attorney's fees and court costs. (Id. ¶ 20.)

2. The Complaint together with the summons was served upon Defendant's agent on June 11, 2015, at 3 Harry's Court, Ocean View, New Jersey. [See Docket Items 3.] Defendant filed no response to Plaintiffs' Complaint, and the Clerk of the Court

accordingly entered default against Defendant on July 10, 2015.[1] Plaintiff's motion for default judgment followed. To date, Defendant has not filed a response.[2] [See Docket Item 5.]

    3.  In support of the pending motion, Plaintiffs' counsel submitted a copy of the payroll audit for 2013 performed by auditor Martha Cooper. (Payroll Audit, Ex. D to Poist Aff. [Docket Item 6-6].) The audit shows that Defendant failed to contribute to the employee benefit Funds, as required by the CBA, for work performed by its employees from January 1, 2013 through November 30, 2013; delinquent contributions owed for that year totaled $6,843.25. (Id.) Plaintiff's counsel also submitted a copy of the governing CBA between District Council 711 International Union and the New Jersey Glass and Metal Contractors Association, along with the District Council 711 Policy for Collection of Delinquent Contributions ("the Policy"). (CBA & Policy for Collection of Delinquent Contributions, Exs. B & C to Poist Aff. [Docket Items 6-5 & 6-6].) The Policy provides that for delinquent contributions to the Funds, interest shall be owed at a rate of 2% above the prime rate, calculated "from the date that the Contributions

---

[1] The deadline to respond to Plaintiff's Complaint was July 2, 2015.
[2] Defendant's response was due on November 23, 2015.

become delinquent." (Policy for Collection of Delinquent Contributions, at E.1.) The Policy also specifies that liquidated damages, which are permitted under 29 U.S.C. § 1132(g), shall be assessed at 20% of the delinquent Contribution. (Id. at B.3.)

4.  Having calculated the total interest owed from December 1, 2013 through November 16, 2015 at $702.34 and the liquidated damages at $1,368.65, Plaintiffs assert that the total amount due is $8,914.24. (Poist Aff. [Docket Item 6-1] ¶ 10.) Plaintiffs additionally seek Attorney's fees and costs in the amount of $1,810.20, for a grand total of $10,724.44. (Id. ¶¶ 15-16.)

5.  **Standard of Review**. Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading. See Fed. R. Civ. P. 55(b)(2); see also Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). A party seeking default judgment is not entitled to relief as a matter of right; the Court may enter default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL

924385, at *3 (D.N.J. Mar. 19, 2012) (internal quotations and citation omitted). Thus, before granting default judgment, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a sufficient cause of action, and (3) whether the circumstances otherwise render the entry of default judgment "proper." Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). A court must accept as true every "well-pled" factual allegation of the complaint, but no presumption of truth applies to the plaintiff's legal conclusions or factual assertions concerning damages. Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure (2d ed. 1983), § 2688, at 444.[3] The Court addresses each element in turn.

---

[3] Because the entry of default prevents a plaintiff's claims from being decided on the merits, the Third Circuit has noted that it "does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Thus, while "the entry of default judgment is left primarily to the discretion of the district court," this "discretion is not without limits," and cases should be "disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

6. **Subject Matter Jurisdiction**. This Court has federal question jurisdiction over the subject matter of this ERISA suit pursuant to 29 U.S.C. § 1332(e)(1) and 28 U.S.C. § 1331.

7. **Evidence of Personal Jurisdiction and Proof of Service**. First, Plaintiffs have produced sufficient evidence of proof of service. According to the Certificate of Service [Docket Item 3], Defendant's registered agent, Brandon D. Walcott, Esq., was personally served with the summons and Complaint on June 11, 2015. The certification of service appended to the present motion also reflects that Plaintiffs served Defendant with a copy of the default judgment submission. [Docket Item 6-3.] Second, the Court has personal jurisdiction over Defendant. Because Defendant has a principal place of business in Marmora, New Jersey, (Compl. ¶ 10) it is considered "at home" in New Jersey and is subject to general jurisdiction in the state. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2053-54 (2011) (for a corporation, the "paradigm forum" for the exercise of general jurisdiction is its place of incorporation or principal place of business) (quoted with approval in Daimler AG v. Bauman, 134 S. Ct. 746, 760-61 (2011)). Serving a corporation's agent in the state, as Defendant did in this case, provides an additional basis for

jurisdiction.[4] As this Court recently explained in Senju Pharm. Co. v. Metrics, Inc., 96 F. Supp. 3d 428, 436 (D.N.J. 2015), "by accepting service in the state through a registered agent in the state, that company has consented to be sued in that forum." See also Allied-Signal Inc. v. Purex Ind., Inc., 242 N.J. Super. 362, 576 A.2d 942 (1990) (foreign defendant corporation was subject to suit in New Jersey because an agent was served in-state because "presence of an individual defendant in the forum state accompanied by service, confers in personam jurisdiction." (citation omitted)).

    8.    **Legitimate Cause of Action**. The Court readily finds that Plaintiffs have asserted a valid cause of action for violation of Section 515 of ERISA, 29 U.S.C. § 1145. (Compl. Count One.) Section 515 of ERISA requires every employer who is obligated under the terms of a CBA to make contributions to an employee benefits plan to do so "in accordance with the terms and conditions of such plan or [the CBA]." 29 U.S.C. § 1145. In turn, the governing CBA and the Policy for Collection of Delinquent Contributions adopted by the Funds' Board of Trustees require the employer to make regular monthly contributions to

---

[4] New Jersey Court Rule 4:4-4(a)(6) permits *in personam* jurisdiction over a corporate defendant through personal service in the state upon an authorized agent.

the Funds and to make prompt payment when an audit "discloses an underpayment." They also permit the Funds to take legal action to recover delinquent contributions. (CBA, at 18-21; Policy for Collection of Delinquent Contributions, at D.5-7.)

9.   Additionally, 29 U.S.C. § 1132(g) provides that in any action to enforce § 1145 in which judgment is entered in favor of the plan, a court "shall award" the unpaid contributions with interest; liquidated damages "not in excess of 20 percent," reasonable attorney's fees and costs, and "such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g). Likewise, the Policy for Collection of Delinquent Contributions permits the collection of delinquent contributions with interest, "calculated from the date that the Contributions became delinquent at 2% above the prime rate," along with liquidated damages "in the amount of 20% of the unpaid balance," attorneys' fees, and costs. (See Policy for Collection of Delinquent Contributions, at B.1-6, E.1-3)

10.   Plaintiffs have shown through payroll audit records and Plaintiffs' counsel's affidavit that Defendant underpaid the Funds by a total of $6,843.25 in the year 2013, in violation of 29 U.S.C. § 1145. (See Payroll Audit.) Plaintiffs therefore have a legitimate cause of action under 29 U.S.C. § 1132(g), the CBA,

and the Policy, to recover the unpaid contributions with interest, plus liquidated damages, attorneys' fees, and costs.

    11.  **Appropriateness of Default Judgment**. The Court must finally examine whether the entry of default judgment would be proper, taking into consideration whether the party subject to default has a meritorious defense, the prejudice suffered by the party seeking default, and the culpability of the party subject to default. See Emcasco Ins. Co. v. Sambrick, 834 F. 2d 71, 73 (3d Cir. 1987); Bruck v. Gorman, No. 15-252, 2015 WL 9459920, at *6 (D.N.J. Dec. 23, 2015). In this case, Defendant has failed to proffer any defense, meritorious or otherwise, to Plaintiff's claims, and the Complaint itself reflects no fatal deficiency. See Hill v. Williamsport Police Dept., 69 Fed. App'x 49, 52 (3d Cir. 2003) ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable defense, [rendering this] factor . . . inconclusive."); Surdi v. Prudential Ins. Co. of Am., No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) ("The facts as alleged in the Complaint provide no indication of a meritorious defense."). Moreover, as Plaintiff has no other means to recover damages from Defendant, Plaintiff will be prejudiced in the absence of default judgment. See Joe Hand Promotions, Inc. v. Waldron, 2013 WL 1007398, at *4 (D.N.J. Mar.

13, 2013) (noting prejudice to plaintiff "because it has no alternative means of vindicating its claim against the defaulting parties."); Gowan v. Cont'l Airlines, Inc., No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (inability to "vindicate rights" absent a default judgment constitutes prejudice). Lastly, the Court notes that Defendant was served with the Complaint over one year ago, yet to date has never responded to or defended against Plaintiff's claims, nor even entered an appearance in this case. Defendant may be presumed culpable for their inaction. See Lee v. A to Z Trading LLC, No. 12-4624, 2014 WL 7339195, at *3 (Dec. 23, 2014) (finding the defendant's failure to respond despite awareness of the litigation "due to culpable conduct"); Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co., 2012 WL 3018062, at *4 (D.N.J. July 24, 2012) (Simandle, J.) ("Defendant's failure to answer demonstrates Defendant's culpability in its default"); Slover v. Live Universe, Inc., No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (Defendant is presumed culpable where it has failed to answer, move, or otherwise respond). On balance, these factors weigh in Plaintiffs' favor, and the Court will accordingly grant default judgment. See Joe Hand Promotions, Inc., 2013 WL 1007398, at *4 (finding that factors weigh in favor of default where there was no indication of a
10

cognizable defense to plaintiffs' claims, plaintiff had no alternative means of seeking damages, and defendants failed entirely to respond).

  12. **Damages**. The Court turns now to the question of damages. The audit revealed an underpayment of $6,843.25 for the period of January 1, 2013 to November 30, 2013. Using the interest rate specified in the Policy for Collection of Delinquent Contributions, Plaintiffs calculated that $702.34 accrued in interest from the period of December 1, 2013 to November 16, 2015. (See Interest Calculation, Ex. F to Poist Aff. [Docket Item 6-6].)[5] The Court agrees with Plaintiffs' interest calculation. The amount of liquidated damages, at 20 percent of the unpaid balance, is $1,368.65. Thus, the total amount owed as of November 16, 2015 is $8,914.24, and the Court will accordingly enter default judgment in that amount in Plaintiffs' favor. This amount shall be augmented by interest accruing to the date of the entry of Judgment once Plaintiff subsequently files with the Court an interest calculation as of the date of the Order granting default judgment. Plaintiffs shall submit for approval, within fourteen (14) days, an Affidavit containing the calculation of interest sought along

---

[5] The Court agrees with Plaintiffs' interest calculation.

with a proposed amended default judgment Order to be entered by the Court.

    13.  **Reasonable Attorneys' Fees and Costs of Suit**. Finally, the Court turns to Plaintiff's request for $1,344.00 in attorneys' fees and $466.20 in costs. (See Foist Aff. ¶ 15.) As noted above, 29 U.S.C. § 1132(g) states that the court "shall award the plan" "reasonable attorney's fees and costs of the action, to be paid by the defendant." In awarding fees under this rubric, the "court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees." Graziano v. Harrison, 950 F.2d 107, 114 (3d Cir. 1991). A request for fees must be accompanied by "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 281, 291 (3d Cir. 2007) (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)).

    14.  Here, the billing record from Plaintiff's attorney, Mark Poist, Esq., contains over 80 entries memorializing the work spent on this case and provides a detailed account of the rates and services performed. (See Attorney Fees and Costs, Ex.

G to Foist Aff. [Docket Item 6-6].) A line-by-line review of the billing statement reflects that Mr. Poist, along with paralegal Jeanne Fitzgerald, spent approximately 10 hours on research, client contact, pleadings drafting, and filing the present motion for default judgment. Counsel charged a reasonable hourly rate of $175 for Mr. Poist and $70 for Ms. Fitzgerald. (See id.) In addition, counsel for Plaintiffs accrued $466.20 in costs from the Complaint filing fee, business record search, service on Defendant. (See id.) Having carefully examined the itemized invoice submitted, the Court is satisfied that the fees and costs are well documented and do not appear to be "excessive, redundant, or otherwise unnecessary," and that 10 hours of work at the stated hourly rate is reasonable in light of the nature of the case and the services rendered. Interfaith Cmty Org. v. Honeywell Intern., Inc., 426 F.3d 694, 711 (3d Cir. 2005). Accordingly, the Court will award fees and costs in the requested amount of $1,810.20. This amount may likewise be augmented to take into account reasonable fees and expenses incurred since November 16, 2015, under the procedure of ¶ 12, above.

    15. **Conclusion**.  For all of these reasons, Plaintiffs' motion for default judgment will be granted, and the Court will enter Default Judgment against Defendant and in favor of

Plaintiffs in the amount of $10,724.44, consisting of $8,914.24 in total damages, $1,344.00 in reasonable attorneys' fees, and $466.20 in court and service costs.

16.  An accompanying Default Judgment will be entered, subject to amendment under the updating procedure of ¶¶ 12 & 13, above.


**June 7, 2016**                                    **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    Chief U.S. District Judge